2026 IL App (1st) 242577-U

No. 1-24-2577

Order filed July 16, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MIDFIRST BANK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CH 05733 |
| | ) | |
| RODOLFO TRUJILLO, FAUSTA TRUJILLO, | ) | |
| UNKNOWN OWNERS, NON-RECORD CLAIMANTS, | ) | |
| and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | Honorable |
| (Rodolfo Trujillo and Fausta Trujillo, Defendants-Appellants). | ) | Edward N. Robles, |
| | ) | Judge, presiding. |

_____

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appeal from the dismissal of a petition for relief from a foreclosure order and sale is dismissed as moot.

¶ 2    Defendants Rodolfo Trujillo and Fausta Trujillo appeal *pro se* from a trial court order dismissing their petition for relief from an order of foreclosure and sale entered against them and

in favor of plaintiff MidFirst Bank. (As Rodolfo and Fausta have the same last name, we refer to them by their first names.) Rodolfo and Fausta contend that the court erred in denying them relief because service of process on them was void, the court lacked personal jurisdiction over them, and the foreclosure judgment was void. We dismiss this appeal as moot.

¶ 3    The single volume of the common law record comprises the entire record on appeal.

¶ 4    On November 12, 2021, plaintiff filed a complaint to foreclose a mortgage upon residential property on Avenue N in Chicago (the Property). The complaint named as defendants Rodolfo, Fausta, unknown owners, non-record claimants, and unknown occupants. The complaint alleged that Rodolfo, as owner and mortgagor of the Property, owed plaintiff outstanding principal of $89,590.41, plus interest, late charges, attorney fees, and costs. That same day, the court issued a mortgage foreclosure summons to Rodolfo and Fausta.

¶ 5    On September 23, 2021, the trial court entered an order appointing two private detective firms, including ProVest, as special process servers for "all [mortgage foreclosure] cases" filed by plaintiff's counsel from October 1, 2021, to December 31, 2021.

¶ 6    On December 15, 2021, plaintiff filed in this case multiple notarized affidavits from ProVest employees Erin Bitz and Edward Tomaszek. Bitz averred that Rodolfo and Fausta's residence could not be ascertained following a diligent search. Bitz also averred that she learned from ProVest's business records that Tomaszek unsuccessfully attempted to serve process on Rodolfo and Fausta at the Property at least once per day from November 16, 2021, through November 23, 2021, at times from 6:18 a.m. to 9:10 p.m. In his affidavits, Tomaszek averred the same. Bitz's affidavits were notarized by a Florida notary public while Tomaszek's affidavits were notarized by an Illinois notary public.

¶ 7    On December 17, 2021, plaintiff filed an affidavit for service by publication, supported by copies of the Bitz affidavits. On December 28, 2021, the court clerk certified that copies of a publication notice were mailed to Rodolfo and Fausta, unknown owners, non-record claimants, and unknown occupants at the address of the Property. See 735 ILCS 5/2-206(a-5) (West 2020). On January 13, 2022, plaintiff filed a certificate stating that notice of the foreclosure action was published in the Chicago Daily Law Bulletin on December 21 and 28, 2021, and January 4, 2022.

¶ 8    On February 22, 2022, plaintiff filed a motion for foreclosure and sale. On March 24, 2022, plaintiff filed a motion for default asserting that 60 days had elapsed since Rodolfo and Fausta had been served by publication without them filing an appearance, answer, or motion.

¶ 9    On April 6, 2022, the trial court found Rodolfo and Fausta in default and entered a judgment of foreclosure and sale, awarding plaintiff $106,494.05, comprising $100,798.81 in principal, $3,130 in attorney fees, $1,836.25 in costs, and $728.99 in interest accruing at $10.1249 daily. The court expressly found that service of process was proper.

¶ 10    On June 27, 2022, plaintiff filed a notice of sale stating that the Property would be sold on July 22, 2022, to satisfy the judgment of $106,494.05, and filed proof of sending that notice to Rodolfo and Fausta at the Property. Plaintiff filed certificates stating that notice of the sale was published in the Chicago Daily Law Bulletin on June 21, June 28, and July 5, 2022, and in the Hyde Park Herald on June 23, June 30, and July 7, 2022.

¶ 11    On July 25, 2022, plaintiffs filed a report of sale and distribution stating that the Property was sold on July 22, 2022, to plaintiff on its $105,860 bid. The report also reflected that the judgment had accrued additional interest and costs of sale, so the total due to plaintiff was $114,257.71, and the deficiency after the winning bid was $8,397.71.

¶ 12    Plaintiff filed a motion for an order approving the report of sale and distribution, confirming the sale of the Property, and entering an eviction order against defendants. Plaintiff included the affidavit of Leah Richardson of ProVest, who averred that she attempted service on Rodolfo and Fausta at the Property on August 30, 2022. No one responded, so Richardson posted notice on the Property. Richardson's affidavit was certified pursuant to section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2024)).

¶ 13    The court granted plaintiff's motion on September 13, 2022, confirming the foreclosure sale, imposing a $8,397.71 deficiency judgment *in rem* on the Property, and ordering Rodolfo and Fausta's eviction from the Property in 61 days. This order was not appealed and no stay was entered.

¶ 14    On May 28, 2024, Rodolfo and Fausta filed a *pro se* pleading requesting that the court "quash service of process server for lack of personal jurisdiction as void." The pleading alleged that Rodolfo and Fausta were not served with process after the foreclosure complaint was filed, and "[s]hortly thereafter," in July 2022, plaintiff published notice of the July 2022 sale of the Property. Rodolfo and Fausta claimed that notice "should have been advertised for a minimum of 30 days" but was not. They also claimed that service was "void on its face" and the court never obtained personal jurisdiction over them, because plaintiff and its counsel never filed a motion to appoint a special process server or "obtain a lawful standing order." Rodolfo and Fausta argued that the special process server appointment order in the record was ineffective, because it was not dated and did not identify this case by number or by any defendant's name.

¶ 15    On July 8, 2024, with Fausta and plaintiff's counsel appearing via Zoom, the court set the matter for a hearing on September 24, 2024.

¶ 16    Plaintiff filed a motion to dismiss Rodolfo and Fausta's pleading. Plaintiff contended that, on July 22, 2022, before the sale, an attorney representing Rodolfo and Fausta contacted plaintiff's counsel to seek a delay of the sale. Plaintiff stated that Rodolfo and Fausta participated remotely in a hearing on August 24, 2022, on plaintiff's motion to confirm the sale, and the court granted them an extension of possession for 61 days. (The record reflects that the court held proceedings on August 24, 2022, but does not indicate whether either Rodolfo or Fausta participated.) Plaintiff noted that it subsequently sold the Property to the Secretary of Housing and Urban Development, who sold it in turn to Renew 606, Inc.

¶ 17    Plaintiff's motion to dismiss argued, *inter alia*, that, in a residential mortgage foreclosure action, a party's motion to dismiss the case or quash service of process based on lack of personal jurisdiction must be filed within 60 days of the party's appearance or first participation in a hearing (see 735 ILCS 5/15-1505.6(a) (West 2024)). Plaintiff explained that Rodolfo and Fausta had 60 days from August 24, 2022, to file a motion, but they did not file one until May 2024. Therefore, plaintiff argued, Rodolfo and Fausta's claims were time-barred.

¶ 18    Rodolfo and Fausta filed *pro se* a response to plaintiff's motion to dismiss, reiterating the claims in their pleading and reciting general principles of law.

¶ 19    On December 5, 2024, the court granted plaintiff's motion and dismissed Rodolfo and Fausta's pleading, which the court described as a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2024)). The court found the pleading "untimely" under section 15-1505.6 of the Code (735 ILCS 5/15-1505.6(a) (West 2024)) and lacking evidence, such as a counter-affidavit, that service by publication was improper.

¶ 20    On appeal, Rodolfo and Fausta contend that the court erred in denying them relief from the foreclosure judgment and sale because they stated a meritorious claim that service of process was void, so that the court lacked personal jurisdiction over them and the foreclosure judgment is void.

¶ 21    Plaintiff has not filed a brief on appeal, but filed a motion to dismiss this appeal as moot because the Property has been conveyed to a third party. We took this motion with the appeal.

¶ 22    In the motion to dismiss, plaintiff asks us to take judicial notice of deeds transferring ownership of the Property, which were recorded in Cook County and are viewable online. We have accessed and viewed the documents, beginning with a deed to plaintiff recorded on October 4, 2022. Plaintiff then conveyed the Property on October 11, 2022, to the Secretary of Housing and Urban Development, who conveyed it on April 3, 2024, to Renew 606, Inc., which conveyed it to Abour Sabha on August 13, 2024. We may take judicial notice of readily verifiable matters from sources of unquestionable accuracy, such as online records of recorded real property deeds, and do so here. Ill. R. Evid. 201(b) (eff. Jan. 1, 2011); *City of Chicago v. Soludczyk*, 2017 IL App (1st) 162449, ¶ 3 n.1.

¶ 23    In their response to the motion to dismiss, Rodolfo and Fausta maintain that the foreclosure judgment is void for lack of service; specifically, defective service by publication. They also claim that Illinois Supreme Court Rule 343(c) (eff. July 1, 2008) provides that where an appellee does not timely file a brief, this court may deem the appeal uncontested and reverse the judgment. However, no part of Rule 343, governing the time for filing and serving briefs, states what Rodolfo and Fausta claim it states. Thus, we shall consider the merits of plaintiff's motion to dismiss the appeal as moot.

¶ 24    An appeal is moot if no actual controversy exists and a reviewing court's decision could have no practical effect on the parties so it cannot grant effectual relief. *In re V.S.*, 2025 IL 129755, ¶ 55.

¶ 25    Section 15-1509(c) of the Code (735 ILCS 5/15-1509(c) (West 2024)) provides that any vesting of title by deed, "unless otherwise specified in the judgment of foreclosure, shall be an entire bar of *** all claims of parties to the foreclosure." There are two exceptions to this bar, where a party (1) challenges the judgment as void due to lack of personal or subject-matter jurisdiction, or (2) seeks relief in the form of claiming an interest in the proceeds of the sale. *Taylor v. Bayview Loan Servicing, LLC*, 2019 IL App (1st) 172652, ¶ 12.

¶ 26    Here, Rodolfo and Fausta's arguments that the trial court lacked personal jurisdiction over them are groundless and belied by the record, which shows that plaintiff followed the statutory procedure for service by publication (735 ILCS 5/2-206(a-5) (West 2020)). Further, Rodolfo and Fausta are not seeking an interest in the proceeds of the sale of the Property but the return of the Property. We conclude that neither exception to the bar of all claims by parties to a foreclosure set forth in section 15-1509(c) applies and Rodolfo and Fausta's claim for relief is barred.

¶ 27    Additionally, Rodolfo and Fausta's pleading for relief is subject to section 2-1401 of the Code, which governs petitions for relief from judgment filed more than 30 days after the judgment. 735 ILCS 5/2-1401(a) (West 2024). Section 2-1401(e) establishes a limit to the relief available, as it provides:

> "Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title, or interest in or to any real or personal property of any person, not a

party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." *Id.* § 2-1401(e).

¶ 28 Plaintiff sold the Property to a third party well before Rodolfo and Fausta filed their pleading for relief, and we do not find a lack of jurisdiction affirmatively apparent on the record, so we cannot grant Rodolfo and Fausta ownership or possession of the Property as relief. *Id.* An award of damages or restitution is not cognizable in proceedings under section 2-1401. *Ocwen Loan Servicing, LLC v. DeGomez*, 2020 IL App (2d) 190774, ¶ 34.

¶ 29 We conclude for the foregoing reasons that we cannot grant Rodolfo and Fausta relief. Accordingly, we grant plaintiff's motion to dismiss this appeal as moot.

¶ 30 Appeal dismissed.